# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**THADDEUS M. LIETZ,**
    Plaintiff,

v.                                    Case No. 13-CV-1452

**MARK G. SCHROEDER,**
**MARK McGINNIS,**
**CARRIE SCHNIEDER, and**
**NICHOLAS BOHLZ,**
    Defendants,

---

## DECISION AND ORDER

Plaintiff, Thaddeus Lietz, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated in the course of his criminal case in state court. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $18.16. I will grant his motion for leave to proceed in forma pauperis.

Next, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325

(1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal

conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is no longer in prison, but he resided at Fox Lake Correctional Institution when he filed his complaint. He used the court's form § 1983 complaint, but referred for the substance of his claims to an attached brief, which was docketed separately at docket number 3. Plaintiff intended the brief to be part of his complaint, and I will consider its contents as part of the complaint. See Fed. R. Civ. P. 10(c). Plaintiff calls his brief an appeal of three Wisconsin appellate cases and states that his complaint is an appeal from the Wisconsin Supreme Court and also a § 1983 civil lawsuit.

Plaintiff was convicted pursuant to a plea agreement. He submits that his rights were violated because he was unable to use his hearing aids in court. He also argues that constitutional deprivations were caused by defendant Assistant District Attorney Mark Schroeder. Plaintiff suggests that Schroeder "acted out" and used profanity and actions

3

in the courtroom that intimidated plaintiff and caused plaintiff to waive his preliminary hearing and accept a plea agreement.

Plaintiff filed a postconviction motion that was pending before defendant Judge Mark McGinnis. Plaintiff also mailed a copy of his postconviction motion and brief to defendant Carrie Schneider, the elected District Attorney. As a result, plaintiff submits that Schneider had the opportunity to remedy the problem but did nothing. Similarly, plaintiff names as a defendant Nicholas Bohlz, the attorney for the state who responded to plaintiff's postconviction motion. Plaintiff asserts that Bohlz could have recommended an evidentiary hearing but instead argued there had been no constitutional violation.

Plaintiff asks for $650,000 in monetary damages and exoneration from his convictions in his criminal cases. Plaintiff asserts that he can no longer bring a petition for a writ of habeas corpus because he is out of custody.

I am not able to grant the injunctive relief (exoneration) plaintiff requests as part of a § 1983 action because the reversal of a conviction is relief that can only be granted after a successful petition for a writ of habeas corpus. See Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Additionally, a plaintiff may not maintain a § 1983 action where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal court writ of habeas corpus. McCann v. Neilsen, 466 F.3d 619, 620-21 (7th Cir. 2006) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)). If I were to determine that plaintiff's plea resulted from improper actions by the assistant district attorney, that would necessarily invalidate plaintiff's conviction, which has not been overturned or called into question. See Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) (claim that "would necessarily

4

imply the invalidity of [prisoner's] Wisconsin parole revocation . . . cannot be shown through a § 1983 suit"); Antonelli v. Foster, 104 F.3d 899 (7th Cir. 1997) (Heck barred plaintiff's claim that he had been detained unlawfully pursuant to a parole violator warrant).

Courts have recognized an exception to Heck. "[W]here a plaintiff cannot obtain collateral relief to satisfy Heck's favorable termination requirement, his action may proceed under § 1983 without running afoul of Heck." Burd v. Sessler, 702 F.3d 429, 435 (7th Cir. 2012). Despite his assertion that he could no longer bring a petition for a writ of habeas corpus because he is out of custody, it appears that plaintiff was still on extended supervision and is now back in custody. "[A] person on extended supervision, as a parolee or probationer, is within the custody of the [Department of Corrections], and similarly subject to all of the conditions and rules of supervision." State ex rel. Rupinski v. Smith, 2007 WI App 4, ¶¶ 20-21, 297 Wis.2d 749, 761, 728 N.W.2d 1, 7.

Because plaintiff still has an opportunity to seek the exoneration he requests in a petition for writ of habeas corpus, I will dismiss this case without prejudice so that he can pursue that claim. I am not making a decision on the ultimate merit of the case, and plaintiff may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits. Glaus v. Anderson, 408 f.3d 382, 390 (7th Cir. 2005). Additionally, refiling under the proper label will probably have certain consequences. Id. I direct plaintiff especially to the rules regarding the time limits for filing a petition for writ of habeas corpus. To assist plaintiff, I will ask the Clerk of Court to provide him with a copy of the court's guide regarding habeas corpus and a copy of the court's form petition.

With regard to plaintiff's claim for monetary damages, I note that plaintiff has named at least some individuals who may be entitled to immunity. As an initial matter, the judge is absolutely immune. The only complaint plaintiff makes with regard to McGinnis relates to his acceptance of plaintiff's plea and his ruling on plaintiff's postconviction motion. A judge is absolutely immune for his judicial decisions. Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). Turning to the three government attorneys, plaintiff's complaints regarding Schnieder's failure to take action on plaintiff's postconviction motion is a prosecutorial decision for which she is entitled to immunity. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Likewise, plaintiff's complaint regarding Bohlz's decision to respond to the merits of plaintiff's postconviction motion and not request an evidentiary hearing is another decision regarding the prosecution of the criminal case and is therefore protected by immunity. See id.

Plaintiff's complaints regarding Schroeder are not as easily resolved. Schroeder's actions all took place in the courtroom ( though outside the presence of the judge), where Schroeder was the prosecutor and plaintiff was the criminal defendant. Schroeder's behavior, though, as alleged by plaintiff, is not quasi-judicial and is outside the scope of the prosecutor's function. I am unable to determine at this stage that Schroeder is immune from liability for his actions described in plaintiff's complaint. Even if Schroeder is not immune, plaintiff's claims will encounter a Heck problem until he has pursued them first in a petition for a writ of habeas corpus, which appears to still be available to him.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # ) is **GRANTED**.

6

**IT IS FURTHER ORDERED** that plaintiff's motion to compel screening of complaint (Docket #10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the court's brochure entitled Habeas Corpus: Answers to State Petitioners' Common Questions, as well as a copy of the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that plaintiff shall pay the $331.84 remainder of the filing fee for this case. Payments shall be clearly identified by the case name and number assigned to this action and mailed to the Clerk of Court.

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge